
RECEIVED
DEC - 8 2005
ROBERT ... CLERK
WEST... ...IANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| Dewey Thibeaux and Irene Thibeaux | Civil Action No. 05-1545 |
| versus | Judge Tucker L. Melançon |
| Chevron Corporation, et al. | Magistrate Judge Methvin |

# MEMORANDUM RULING AND JUDGMENT

Before the Court is defendant Southwestern Energy Production Company's (Southwestern) Motion For More Definite Statement, to Sever, and to Dismiss and/or Stay [Rec. Doc. 21]. For the following reasons, defendant's Motion to Dismiss will be granted, defendant's Motion for More Definite Statement and Motion to Sever will be denied as moot.

## I. Background

This matter arises out of the alleged contamination of plaintiffs' land[1], soil, and water by the many defendants and their successors in interest [2] beginning in 1955.

---

1. Plaintiffs describe the property at issue as "a certain tract of land situated in irregular Section 40, Township 13 South, Range 4 East, in the Third Ward of Vermilion Parish, Louisianan [sic], containing 2.49 acres, and bonded on the Northeast by Northeast by William L. Rose, on the Southeast by Daisy Rose, et al, on the Southwest by Lot No. 5-B, and being designated as Tract 5C on the survey plat prepared by Joseph Schexnayder, dated may 30, 1977." (*Petition*, p. 3).

2. In the Petition, plaintiffs named Chevron U.S.A., Inc.(both individually and as alleged successor in interest to ChevronTexaco Corporation, Texaco Inc., Getty Oil Company, and Tidewater Oil Company), Chevron Corporation, Columbia Gulf Transmission Company, Glenn E. Gilley, J.O.

1

Plaintiffs further allege that the many defendants abandoned pipes and equipment on their property, breached oil and gas leases, performed improper cleanup, and interfered with the plaintiffs' use and enjoyment of the property.

On July 22, 2005, plaintiffs filed suit in the 15th Judicial District Court, Vermilion Parish, Louisiana. On August 29, 2005, joined by all the defendants, Southwestern removed this suit to federal court, Western District of Louisiana.

## II. Law and Analysis

### A. Motion to Stay and/or Dismiss

Southwestern represents that suit is premature for several reasons. First, Southwestern contends that plaintiffs failed to provide defendant with the requisite pre-suit demand concerning contract breach, as required by Louisiana Obligations law. According to provisions of the Louisiana Civil and Mineral Codes, a lessor must first place the lessee in default before demanding damages. See *La. Civ. Code arts. 1989, et seq* and *La. Rev. Stat. 31:135, et seq*. Plaintiffs do not dispute defendant's understanding of the law, nor does the record show that plaintiffs made any efforts to notify or place defendant in default.

Second, Southwestern recognizes the Court's original jurisdiction over this matter, but urges that the Louisiana Office of Conservation and the Louisiana

---

Easley, and Southwestern Energy Production Company as defendants. (*Petition*, pp. 1-2).

2

Department of Environmental Quality have concurrent and primary jurisdiction over the issues raised in plaintiffs' Petition.³ Noting the state agencies' expertise, efficiency, and necessary involvement in environmental clean-up, which lies at the center of this matter, Southwestern avers that administrative oversight is better suited for appropriate resolution of this matter. In turn, Southwestern moves this Court to Stay the proceedings until a time after which both the Louisiana Office of Conservation and the Louisiana Department of Environmental Quality can oversee the clean-up efforts that plaintiffs pray for. Plaintiffs do not dispute defendant's contentions.

Third, defendant avers that state agency involvement is a prerequisite for any judicial recourse. LA R.S. 30:12(A)(1) only authorizes court review of claims respecting the conservation of oil or gas, or both, after an aggrieved party has "exhausted his administrative remedy."⁴ LA R.S. 30:2286.1 requires any person

---

3. LA R.S. 30:4 provides, "The commissioner [of conservation] has jurisdiction and authority over all persons and property necessary to enforce effectively the provisions of this Chapter and all other laws relating to the conservation of oil; and gas." LA R.S. 30:2011A(1) provides, "The Department shall have jurisdiction over matters affecting the regulation of the environment within the state, including but not limited to the regulation of air quality, noise pollution control, water pollution control, the regulation of solid waste disposal, the protection and preservation of the scenic rivers and streams of the state, the regulation and control of radiation, the management of hazardous waste, and the regulation of those programs which encourage, assist, and result in the reduction of wastes generated within Louisiana."

4. LA R.S. 30:12(A)(1) states, "A person who is aggrieved by any law of this state with respect to conservation of oil or gas, or both, or by a provision of this Chapter, or by a rule, regulation, or order made by the assistant secretary of the office of conservation hereunder, or by an act done or

3

seeking voluntary remedial action for waste clean-up to submit to the Secretary of the Department of Environmental Quality a plan of action.[5] This plan must be pre-approved by the Secretary and meet applicable clean-up standards. Plaintiffs have provided the Court with no evidence that any contact with either state agency has been made.

Fourth, Southwestern alleges that plaintiffs failed to provide written notice by certified mail to both the Louisiana Department of Natural Resources and the Louisiana Department of Environmental Quality when they prayed for damages arising out of ground water contamination, as required by LA. R.S. 30:2015.1.[6] Further, Southwestern asserts that plaintiffs failed to notify the Office of Conservation when they suspected land contamination arising out of improper oilfield

---

threatened hereunder, and who has exhausted his administrative remedy, may obtain court review by a suit for injunction or judicial review against the assistant secretary as defendant.

5. LA R.S. 30:2286.1 provides, "A person shall submit a voluntary remedial action plan to the secretary under R.S. 30:2289.1. The secretary may provide assistance to review voluntary remedial action plans or supervise remedial action implementation in accordance with R.S. 30:2289.1 . . . Remedial actions required in a voluntary remedial action plan under this Part shall meet the same standards for protection of public health, safety, and welfare and the environment that apply to remedial actions taken pursuant to Part I of this Chapter."

6. LA R.S. 30:2015.1(B) reads, "Notwithstanding any law to the contrary, upon the filing of any litigation, action, or pleading by any plaintiff in the principal demand, or his otherwise making a judicial demand which includes a claim to recover damages for the evaluation and remediation of any contamination or pollution that is alleged to impact or threaten usable ground water, such plaintiff filing same shall provide written notice by certified mail, return receipt requested, which notice shall contain a certified copy of the petition in such litigation, to the state of Louisiana through both the Department of Natural Resources and the Department of Environmental Quality."

waste disposal, as required by LA R.S. 30:74(A)(1).[7] Plaintiffs offer no evidence to the contrary.

For the many reasons stated above, the Court finds state agency administrative review of this matter to be the appropriate starting point for plaintiffs' claims. Plaintiffs have offered no evidence of statutory compliance. Accordingly, the Court agrees with defendant's assertions of prematurity and will dismiss this matter as to all parties without prejudice.

## *III. Conclusion*

Based on the record before the Court, plaintiffs have not satisfied regulatory mandates pursuant to the above referenced statutes. Accordingly, the Court will dismiss the case without prejudice as to all defendants. As the case will be dismissed, defendant's Motion for a More Definite Statement and Motion to sever will be dismissed as moot.

---

7. LA. R.S. 30:74(A)(1) provides, "Whenever any responsible person, owner, or operator of any abandoned waste site obtains information that indicates that oilfield waste is spilling, discharging, or otherwise escaping into, or on any land or water without appropriate authorization or permit, or is being treated, stored, handled, or disposed of in a manner contrary to applicable regulations of the commissioner, such person shall notify the office of conservation in accordance with regulations to be adopted."